USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/18/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
LADMEN PARTNERS INC.                  :    MASTER FILE NO. 07-CV-0976
                                      :    AND RELATED CASES
            Plaintiff,                :
                                      :
      v.                              :    JUDGE PRESKA
                                      :
GLOBALSTAR, INC., et al.,             :
                                      :
            Defendants.               :
                                      :
-----------------------------------------------------------X

## ORDER PRELIMINARILY APPROVING SETTLEMENT
## AND APPROVING THE FORM AND MANNER OF NOTICE

The Court has received the Stipulation, dated as of August 19, 2009 that has been entered into by the Lead Plaintiff, individually and on behalf of the Class, and Defendants. The Court has reviewed the Stipulation and, good cause appearing,

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court, for purposes of this preliminary order, adopts all defined terms as set forth in the Stipulation (Exhibit A hereto).

2. The Court preliminarily approves the Settlement as set forth in the Stipulation, subject to the right of any Class Member to challenge the fairness, reasonableness, and adequacy of the Stipulation or the terms of the Settlement and to show cause, if any exists, why a final judgment dismissing the Action should not be ordered herein after due and adequate notice to the Class has been given in conformity with this Order.

3. The Court approves as to form and content the Notice of Settlement to Federal and/or State Officials, annexed as Exhibit C to the Stipulation, and finds that such notification(s) fully

apprises the appropriate officials of the proposed settlement, and fully complies with the applicable requirements of the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1711 et seq.

4. The Court approves as to form and content, and for (a) distribution to the Class Members, the Notice of Proposed Settlement of Class Action (the "Notice") substantially in the form of Exhibit A-1 attached hereto, and the Proof of Claim and Release, substantially in the form of Exhibit A-2 attached hereto, and (b) publication of the Summary Notice of Proposed Settlement ("Summary Notice"), substantially in the form of Exhibit A-3 attached hereto.

5. All discovery and other proceedings in the Action are stayed until such further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation.

6. Class Counsel are authorized to act on behalf of the Class with respect to all acts required by, or which may be made pursuant to, the Stipulation or such other acts which are reasonably necessary to consummate the proposed Settlement set forth in the Stipulation.

7. The Court appoints The Garden City Group, Inc. as the Claims Administrator to supervise and administer the notice and claims procedures.

8. The Claims Administrator shall cause the Notice and the Proof of Claim and Release to be mailed, by first class mail, postage prepaid, to all Class Members who can be identified with reasonable effort by Class Counsel. The mailing of the Notice and Proof of Claim and Release forms shall commence on or before _October 30_, 2009 (the "Notice Date"). Additional copies of the Notice shall be made available to nominees and others for the purpose of distribution to beneficial owners, and such Persons shall be reimbursed from the Notice and Administration Fund or Gross Settlement Fund (where applicable), upon receipt by the Claims Administrator of proper documentation, for the reasonable expense of sending the Notice and Proof of Claim and Release to beneficial owners. Class Counsel shall file with the Court and serve upon Defendants' Counsel no later than fourteen (14) days before the Settlement Hearing an affidavit or declaration describing the efforts taken to comply with this Order and stating that the mailings have been completed in accordance with the terms of this Order.

9. Banks, brokerage firms and other nominees who purchased or otherwise acquired Globalstar common stock in the manner described in ¶1.5 of the Stipulation as record owners but not as beneficial owners, are directed, within seven (7) days of their receipt of the Notice and Proof of Claim and Release, either to (a) provide to the Claims Administrator the name and last known address of each person or organization for whom or which they purchased or acquired such stock in the manner described; or (b) request additional copies of the Notice and Proof of Claim and Release from the Claims Administrator, which the Claims Administrator shall provide to them free of charge, and within seven (7) days mail the Notice and Proof of Claim and Release directly to the beneficial owners of the securities referred to herein, and send a statement to the Claims Administrator confirming that the mailing was made as directed. Nominees shall be entitled to reimbursement from the Notice and Administration Fund or Gross Settlement Fund (where applicable) of their reasonable expenses actually incurred in connection with the foregoing.

10. Class Counsel shall cause the Summary Notice substantially in the form of Exhibit A-3 attached hereto to be published once in the national edition of *Investor's Business Daily* within five (5) days after the mailing of the Notice and Proof of Claim and Release. Class Counsel shall file with the Court and serve upon Defendants' Counsel no later than fourteen (14) days prior to the Settlement Hearing an affidavit or declaration stating that the Summary Notice has been published in accordance with the terms of this Order.

11. The Court finds that dissemination of the Notice and the Proof of Claim and Release in the manner required by ¶¶7-8, and publication of the Summary Notice in the manner required by ¶ 10, constitute the best notice practicable under the circumstances to Class Members and meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, due process, the United States Constitution, and all other applicable law, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

12. A Settlement Hearing will be held on **February 18**, 2010 at **10:00 am** in Courtroom 12A at 500 Pearl Street, New York, NY 10007, pursuant to Rule 23(e) of the Federal Rules of Civil

Procedure to determine whether the proposed Settlement is fair, reasonable and adequate as to each of the Settling Parties, and whether the Judgment should be entered.

13. At the Settlement Hearing, the Court also will determine whether the proposed Plan of Allocation should be approved.

14. At the Settlement Hearing, the Court also will determine whether Plaintiffs' Counsel's Fee and Expense Application should be approved.

15. Any Class Member who objects to the Settlement of the Action, the proposed Plan of Allocation, or Plaintiffs' Counsel's Fee and Expense Application, shall have the right to appear and be heard at the Settlement Hearing. Any Class Member may enter an appearance through counsel of such member's own choosing and at such member's own expense, or may appear in person. Any Class Member intending to so appear must state in writing their intention to do so, and must demonstrate their membership in the Class, including the number of shares of Globalstar common stock acquired pursuant to the Offering. The statement should also include any reasons for the objection that the Person wishes to submit in writing. The notice of intention to object, and any written reasons for the objection, must be sent by first-class mail in envelopes postmarked no later than *January 28* 2010 (21 days before the Settlement Hearing), and addressed to each of the following: the Clerk of the Court, United States District Court, Daniel Patrick Moynihan United States Courthouse, 500 Pearl St., New York, NY 10007-1312; Samuel P. Sporn and Jay P. Saltzman, Schoengold & Sporn, P.C., 19 Fulton Street, Suite 406, New York, NY 10038, on behalf of the Class; W. Stuart Dornette, Taft Stettinius & Hollister LLP, 425 Walnut Street, Suite 1800, Cincinnati, Ohio 45202-3957, on behalf of Globalstar and the Individual Defendants; and Mitchell A. Lowenthal, Cleary Gottlieb Steen & Hamilton, One Liberty Plaza, New York, New York 10006-1470, on behalf of the Underwriter Defendants.

16. Any Persons who wish to exclude themselves from the Class must send a Request for Exclusion containing all the information set forth in the Notice. The Request for Exclusion must be sent by first-class mail in an envelope postmarked no later than *January 28*, 2010 (21 days before the Settlement Hearing) and must be addressed to each of the following: the Clerk of the

Court, United States District Court, Daniel Patrick Moynihan United States Courthouse, 500 Pearl St., New York, NY 10007-1312; Samuel P. Sporn and Jay P. Saltzman, Schoengold & Sporn, P.C., 19 Fulton Street, Suite 406, New York, NY 10038, on behalf of the Class; W. Stuart Dornette, Taft Stettinius & Hollister LLP, 425 Walnut Street, Suite 1800, Cincinnati, Ohio 45202-3957, on behalf of Globalstar and the Individual Defendants; and Mitchell A. Lowenthal, Cleary Gottlieb Steen & Hamilton, One Liberty Plaza, New York, New York 10006-1470, on behalf of the Underwriter Defendants.

17. Class Members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless such persons have previously requested exclusion from the Class.

18. The Court authorizes payment out of the Notice and Administration Fund of the expenses described in ¶4.7 of the Stipulation.

19. The Court reserves the right to approve the Settlement with or without modification and with or without further notice of any kind. The Court further reserves the right to enter a Judgment approving the Settlement and dismissing the Complaint on the merits and with prejudice regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and reimbursement of expenses.

20. In order to be entitled to participate in the Net Settlement Fund, in the event that the Settlement is effected in accordance with all of the terms and conditions set forth in the Stipulation, each Class Member shall take the following actions and be subject to the following conditions:

(a) A properly executed Proof of Claim and Release, substantially in the form attached hereto as Exhibit A-2, must be submitted to the Claims Administrator, at the Post Office Box indicated in the Notice, postmarked not later than *March 26*, 2010. Such deadline may be further extended by Court Order. Each Proof of Claim and Release shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first class mail, postage prepaid) provided such Proof of Claim and Release is actually received prior to the motion for an order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim and Release submitted

in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Settlement Notice.

(b)  The Proof of Claim and Release submitted by each Class Member must satisfy the following conditions: (i) it must be completed in a manner that permits the Claims Administrator to determine the eligibility of the claim as set forth in the Proof of Claim and Release, signed with an affirmation that it is true and correct, and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must include the release by the claimant of all Released Parties as set forth in the Stipulation; (iii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of brokerage confirmation slips, brokerage account statements, an authorized statement from the brokerage firm containing the transactional information found in a brokerage confirmation slip, or such other documentation as is deemed adequate by Class Counsel; (iv) if the person executing the Proof of Claim and Release is acting in a representative capacity, a certification of his or her current authority to act on behalf of the Class Member must be included in the Proof of Claim and Release; and (v) the Proof of Claim and Release must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)  As part of the Proof of Claim and Release, each Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall (subject to effectuation of the Settlement) release all claims as provided in the Stipulation.

(d)  Class Counsel shall have the right, but not the obligation, to waive what they deem to be formal or technical defects in any Proof of Claim and Release submitted in the interests of achieving substantial justice.

21.  The Released Parties, including Defendants' Counsel, shall have no responsibility for either the Plan of Allocation or the Fee and Expense Application submitted by Plaintiffs' Counsel, and such matters will be considered separately from the fairness, reasonableness and adequacy of the Settlement. Further, approval of the Settlement is not conditioned upon approval of the Plan of Allocation or the Fee and Expense Application.

22. No later than fourteen (14) days before the Settlement Hearing, all final briefs and other papers in response to any objections or comments of Class Members to the Settlement, the Plan of Allocation, and the Fee and Expense Application shall be served and filed.

23. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any claims released therein or by virtue of the releases attached thereto, including any of the Released Claims, or (b) may be deemed to be or may be used as an admission or evidence of any fault, wrongdoing, omission, or liability of any of the Released Parties, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; or (c) shall be construed as an admission or concession by Defendants of the truth of any of the allegations made in the Action.

24. The Court may, for good cause, extend any of the deadlines set forth in this Order or adjourn or continue the date of the Settlement Hearing without further notice to Class Members. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

25. If the proposed Settlement is not approved or consummated for any reason whatsoever, the proposed Settlement and all proceedings had in connection therewith shall be without prejudice to the status quo ante rights of the Settling Parties as of April 15, 2009, except as otherwise set forth in the Stipulation.

IT IS SO ORDERED.

DATED: September 17, 2009   *Loretta A. Preska*
THE HONORABLE LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE