

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LADMEN PARTNERS INC.

        Plaintiff,

        v.

GLOBALSTAR, INC., *et al.*,

        Defendants.
------------------------------------------------------------X

MASTER FILE NO. 07-CV-0976
AND RELATED CASES

JUDGE PRESKA

## ORDER AND FINAL JUDGMENT

This matter came on for hearing on February 18, 2010, upon the application of the Settling Parties for approval of the Settlement set forth in the Stipulation dated as of August 19, 2009. Due and adequate notice having been given to the Class, and the Court having considered the Stipulation, all papers filed and proceedings had herein and all oral and written comments received regarding the proposed settlement, and good cause appearing:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. The Court, for purposes of this Judgment, adopts all defined terms as set forth in the Stipulation.

2. The Court has jurisdiction over the subject matter of the Action, the Lead Plaintiff, all Class Members, and the Defendants.

3. The Court finds that the prerequisites for a class action under Fed. R. Civ. P. 23(a), (b)(3) and (g) have been satisfied.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure and for the purposes of this Settlement only, this Court hereby finally certifies this action as a class action on behalf of all persons and entities who purchased Globalstar common stock pursuant to the $127.5 million initial public offering of 7.5 million shares of Globalstar common stock at $17.00 per share on or about November 3, 2006.

5. Excluded from the Class are the Defendants, members of the immediate families of the Individual Defendants, any entity in which any Defendant has a controlling interest, and the legal representatives, heirs, successors, or assigns of any Defendant.

6. Notice of the proposed settlement in this Action was given to all Class Members who could be identified with reasonable effort. The Court finds that the distribution of the Notice of Settlement of Class Action, Proof of Claim and Release, and publication of the Summary Notice of Proposed Settlement as provided for in the Order Preliminarily Approving Settlement and Approving the Form and Manner of Notice constituted the best notice practicable under the circumstances to all Persons within the definition of the Class, and fully met the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 27(a)(7) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77z-1(a)(7) as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), due process, the United States Constitution, and all other applicable law.

7. The Court finds that Defendants have provided appropriate notice pursuant to The Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1711 *et seq*, and finds that such notification(s) fully apprises the appropriate officials of the proposed settlement, and fully complies with the applicable requirements of CAFA.

8. The Court approves the Settlement of the above-captioned action, as set forth in the Stipulation, each of the releases included in the Stipulation, including those of all the Released Claims, and other terms, as being in good faith, fair, reasonable and adequate and in the best interests of the Class.

9. The Settling Parties are directed to perform in accordance with the terms set forth in the Stipulation.

10. The Action and all claims contained therein, as well as all the Released Claims, are dismissed with prejudice as against all Defendants and all Released Parties. The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

11.     As of the Effective Date, Lead Plaintiff and all other Class Members shall, and by operation of this Judgment shall be deemed to, fully, finally, and forever release, relinquish and discharge all Released Claims (including Unknown Claims) against each and all of the Released Parties, whether or not such Class Member executes and delivers a Proof of Claim and Release.

12.     "Released Claims" means any and all claims for relief, causes of action, suits, petitions, allegations, demands, contracts, agreements, rights, liabilities, suits, debts, and obligations of every nature and description whatsoever, known or unknown (including Unknown Claims as defined in ¶1.38 of the Stipulation), contingent or non-contingent, mature or unmature, discoverable or undiscoverable, whether or not concealed or hidden, asserted or that might have been asserted, against the Released Parties that are based upon, arising out of, or related to any of the facts, transactions, events, occurrences, disclosures, statements, acts, omissions or failures to act that were or could have been alleged in or encompassed by the Action, or that arise out of or relate to the offer, sale or purchase of Globalstar common stock pursuant to the Offering, regardless of what legal theory those claims are based upon and whether those claims are legal or equitable, including without limitation claims for negligence, gross negligence, fraud, breach of fiduciary duty, breach of the duty of care or loyalty or violations of the common law, administrative rule or regulation, tort, contract, equity, or otherwise or of any state or federal statutes, rules or regulations. Claims that Defendants improperly defended or settled the Action, or that the payments from the Settlement Fund were not properly allocated, are also Released Claims.

13.     "Released Parties" means each and all of the Defendants, Defendants' D&O Insurers, Defendants' Counsel, and each and any of Defendants' parents, subsidiaries, affiliates, and successors and predecessors in interest, and all their respective past, present or future directors, officers, employees, consultants, independent contractors, partnerships and partners, principals, agents, controlling stockholders, any entity in which any Defendant or any member(s) of that Defendant's immediate family has or have a controlling interest (directly or indirectly), attorneys, accountants, auditors, investment banks and investment bankers, underwriters, advisors, financial advisors, personal or legal representatives, analysts, agents, associates, servants, insurers, co-insurers

and reinsurers, assigns, joint ventures and joint venturers, spouses, heirs, executors, administrators, members of an Individual Defendant's immediate family, and any trust of which any Defendant is the settlor or which is for the benefit of any Individual Defendant or member(s) of his family, and all other Persons.

14. The Court hereby enters an order barring claims for contribution as provided by 15 U.S.C. § 78u-4(f)(7).

15. All Class Members agree and covenant not to file, prosecute, or support, directly or indirectly, any actions against any of the Released Parties with respect to any of the Released Claims, and all Class Members are hereby permanently enjoined from filing, prosecuting, or supporting any actions against any Released Party with respect to any of the Released Claims.

16. Only Class Members filing valid and timely Proof of Claim and Release forms shall be entitled to participate in the Settlement and receive a distribution from the Gross Settlement Fund. The Proof of Claim and Release to be executed by the Class Members shall release all Released Claims against the Released Parties. All Class Members, as of the Effective Date, shall be bound by the releases set forth herein whether or not they submit a valid and timely Proof of Claim and Release form.

17. No members of the class have filed timely requests for exclusions. No member of the class has filed or served an objection to the proposed settlement or the application of the Lead Plaintiff for attorneys' fees and expenses.

18. During the course of the Action, all parties and their counsel complied with the requirements of Rule 11(b) of the Federal Rules of Civil Procedure.

19. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any claims released therein or by virtue of the releases attached thereto, including any of the Released Claims, or (b) may be deemed to be or may be used as an admission or evidence of any fault, wrongdoing, omission, or liability of any of the Released Parties, in any civil, criminal or administrative proceeding in any

court, administrative agency or other tribunal. Released Parties may file the Stipulation, this Judgment and/or any document executed pursuant to or in furtherance of the Stipulation, in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

20. The Plan of Allocation is approved as fair and reasonable, and Class Counsel and the Claims Administrator are directed to administer the Stipulation in accordance with its terms and provisions.

21. Upon entry of this judgment, Class Counsel is hereby awarded the sum of $ 275,000.00 as and for attorneys' fees, which sum the Court finds to be fair and reasonable, and $ 84,035.42 in reimbursement of expenses, which amounts shall be paid directly to Class Counsel from the Gross Settlement Fund with interest from the date such Gross Settlement Fund was funded to the date of payment at the same net rate that the Gross Settlement Fund earns, in accordance with ¶5.1 of the Stipulation.

22. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

23. The Court reserves exclusive and continuing jurisdiction over the Action, the Class and the Released Parties for the purposes of (a) supervising the implementation, enforcement, construction, and interpretation of the Stipulation, the Plan of Allocation, and this Judgment; and (b) supervising the distribution of the Gross Settlement Fund. The Stipulation shall be enforced in accordance with its terms.

IT IS SO ORDERED.

DATED: February 19, 2010

Loretta A. Preska
THE HONORABLE LORETTA A. PRESKA
CHIEF UNITED STATES DISTRICT JUDGE

THIS DOCUMENT WAS ENTERED
ON THE DOCKET ON _____

-5-